**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LONDON DIVISION**

IN RE:

BARBARA COLLINS                                                                                   CASE NO.  20-60658

DEBTORS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a Motion for relief from stay filed by Creditor L&N Federal Credit Union ("L&N").  [ECF Nos.  52, 55.]  L&N asks for relief from stay so it may pursue reformation of an inaccurate mortgage.  The Debtor objects to stay relief because it is contrary to the terms of the confirmed plan.  [ECF No.  53.]  L&N's Motion is DENIED.

**FACTS**

Debtor filed a Chapter 13 petition on May 21, 2020.  [ECF No.  1.]  Debtor lists real property and a house located at 98 Twin Brook Ln, Flat Lick, Kentucky 40935 on Schedule A valued at $60,000.00.  *Id.*  Schedule D identifies a $46,610.00 lien encumbering 98 Twin Brook Ln in favor of L&N.  [*Id.*]  The Debtor's initial proposed plan treated L&N as a secured creditor with a security interest in 98 Twin Brook Ln.

L&N filed Proof of Claim no. 2 asserting a claim of $46,519.39 secured by a lien on 98 Twin Brook Ln.  POC #2 attaches an Open-End Home Equity Credit Agreement with an Addendum that indicates the collateral is 98 Twin Brook Ln.  The Revolving Credit Mortgage attached to POC #2 describes the collateral as "lot no. 5 in the J.M. Hubbard addition to old Flat Lick, Ky.", references a plat, and provides distance measurements for the borders.

The Chapter 13 Trustee recommendations regarding confirmation disclosed confusion regarding transfers involving 98 Twin Brook Ln and 52 Twin Brook Ln, Flat Lick, Kentucky 40935. [ECF Nos. 19, 22, 27.] 52 Twin Brook Ln is an unimproved lot that was not listed on the Debtor's schedules because she had conveyed the property to a relative a few months before filing the petition. [*Id.*; *see also* ECF No. 41 (an amendment to the Statement of Financial Affairs that identifies the property as 53 Twin Brook Ln) and ECF No. 40 (an amendment to Schedule A to add a mobile home on the lot that was not conveyed to the relative).]

The Chapter 13 Trustee recommendations also revealed that the legal description for the L&N mortgage actually refers to 52 Twin Brook Ln. [*Id.*] For this reason, the Debtor filed an amended plan on December 7, 2020. [ECF No. 38.] The amended plan provides that the Debtor will surrender "52 Twin Brook Ln, Flat Lick, KY 40935-6488 (1 acre tract only with no improvements)" to L&N. [*Id.* at Part 3.5.] The revised proposed plan also provided: "L&N does not have a valid mortgage against Debtor's home on approximately 2.3 acres located at 98 Twin Brook Ln, Flat Lick, KY 40935-6488." [*Id.*; *see also* ECF No. 42 (the Chapter 13 Trustee's recommendation confirms this statement).] The same section treats any deficiency as an unsecured claim. [ECF No. 38 at Part 3.5.]

The Chapter 13 Trustee appeared through counsel and indicated the plan was confirmable, but a longer recommendation was filed to put L&N on notice. [ECF Nos. 27, 43.] L&N did not appear and no party objected, so the plan was confirmed by order entered on December 30, 2020. [*Id.*; ECF No. 46.]

Approximately five months after the confirmation hearing, L&N moved for relief from stay to reform the mortgage to match the alleged intent of the parties to encumber 98 Twin Brook Ln and then foreclose. [ECF No. 52, 55.] The Debtor objects because this relief is

2

contrary to the treatment of L&N in the confirmed plan. [ECF No. 53.] The Court held a hearing on L&N's Motion for relief on June 23, 2021, and took the matter under submission.

**DISCUSSION**

"The party requesting stay relief has the initial burden of proof to make a prima facie showing that there is a factual and legal right to the relief sought." *In re Mason*, 514 B.R. 852, 855 (Bankr. E.D. Ky. 2014). Relief is allowed if the Debtor has no equity in the property and the property is not necessary for reorganization. 11 U.S.C. § 362(d)(2). The Motion does not address the property's role in the reorganization, alleging only that the Debtor has no equity. This information is directly contradicted by the record, even assuming L&N had a valid lien. The uncontroverted value of 98 Twin Brook Ln is $60,000.00, while POC #2 filed by L&N claims the debt is approximately $46,000.

Therefore, L&N may only succeed if it can show cause exists to grant relief pursuant to 11 U.S.C. § 362(d)(1). A bankruptcy court has broad discretion to determine cause based on the facts of each case. *In re Clearwater Nat. Res., LP*, No. 09–70011, 2009 WL 2208463 (Bankr. E.D. Ky. July 23, 2009); *In re Plastech Engineered Prod., Inc.*, 382 B.R. 90, 106 (Bankr. E.D. Mich. 2008).

L&N begins by arguing it did not receive monthly payments on the debt identified in POC #2. This is appropriate because the confirmed plan treats L&N as an unsecured creditor that will receive pro rata payments from the Chapter 13 Trustee in the ordinary course over the 60-month life of the plan. [ECF No. 38.] Therefore, the lack of payments is not cause for relief from the automatic stay. *See In re Wellman*, 322 B.R. 298, 301 (B.A.P. 6th Cir. 2004).

L&N's main argument is that cause for relief exists because the Debtor intended to grant a lien against 98 Twin Brook Ln, so a Kentucky state court would reform the mortgage. The

3

Debtor does not seriously dispute this allegation, but argues that the confirmed plan does not allow L&N to seek relief. The confirmed plan controls and L&N is bound by its terms.

"The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327. The confirmed plan is a final judgment that is binding if it becomes final without an appeal or request to vacate. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 264, 269 (2010).

The time to raise an issue that directly contradicts the treatment of a claim in the plan was at the confirmation hearing. If an issue "could have been decided at the confirmation hearing" were it raised, then "confirmation of a plan is res judicata as to those [issues]." *Id.* at 301-02. "When a debtor and creditor have been bound to a confirmed plan, an action by the creditor seeking relief that is incompatible with the plan is properly overruled." *In re Wellman*, 322 B.R. at 302.

There is also no issue with notice. The plan was served on creditors, including L&N, and came on for hearing on December 16, 2007. [ECF Nos. 39, 43-44; *see also* KYEB LBR 3015-3(a) (requiring objections to an amended plan within seven days).] Further, L&N admitted it had actual notice the Debtor did not treat it as a secured creditor holding a valid lien when the amended plan was filed in December 2020. [ECF No. 57 at 10:17.]

L&N responded to the objection claiming only the Chapter 13 Trustee may attempt to avoid the lien pursuant to 11 U.S.C. § 544. The objection and this Order only address the request for relief from the stay and compliance with the confirmed plan.

**CONCLUSION**

For the reasons stated herein and at the June 23 hearing, L&N's Motion for relief from stay is DENIED.

___

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
*Gregory R. Schaaf*
**Bankruptcy Judge**
**Dated: Saturday, July 10, 2021**
**(grs)**